UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07810-CAS(AJWx) | Date | February 11, 2016 |
| Title | VP FRESH PRODUCE, LLC V. FRANK R. GIOIA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT FRANK R. GIOIA'S MOTION TO SET ASIDE DEFAULT (Dkt. 21, filed January 25, 2016)

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 17, filed January 12, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of February 29, 2016, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On October 5, 2016, plaintiff VP Fresh Produce, LLC ("VP Fresh Produce") filed this action against defendant Frank R. Gioia ("Gioia"). Dkt. 1. Plaintiff asserts claims for (1) breach of contract, (2) enforcement of the statutory trust provisions of the Perishable Agricultural Commodities Act ("PACA"), (3) violations of PACA (failure to account and pay promptly), and (4) breach of fiduciary duty. See generally Compl. In brief, VP Fresh Produce alleges that plaintiff sold perishable agricultural commodities (tomatoes) to Gioia and that Gioia failed to pay VP Fresh Produce for these commodities in violation of PACA, 7 U.S.C. § 499 et seq. Compl. ¶¶ 8-9.

On October 15, 2015, plaintiff served Gioia with the summons and complaint in this action. Mot., at 2; Opp'n., at 2. Defendant does not dispute that he was served with the complaint on this date. Mot., at 1. Defendant did not file an answer. Id. at 2. Plaintiffs' counsel requested entry of default on November 11, 2015, Dkt. 13, and on November 19, 2015, the Clerk of the Court entered default against defendant Gioia, Dkt. 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07810-CAS(AJWx) | Date | February 11, 2016 |
|---|---|---|---|
| Title | VP FRESH PRODUCE, LLC V. FRANK R. GIOIA | | |

On January 12, 2016, plaintiff filed a motion for default judgment. Dkt. 17. However, on January 25, 2016, defendant moved to set aside the entry of default, Dkt. 21. Plaintiff filed an opposition to defendant's motion to set aside default judgment on February 8, 2016. Dkt. 27. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (The Rutter Group 2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III.  DISCUSSION

The Court finds that defendant has satisfied all three of the elements required to set aside an entry of default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|
| Case No. | 2:15-cv-07810-CAS(AJWx) | Date | February 11, 2016 |
| Title | VP FRESH PRODUCE, LLC V. FRANK R. GIOIA | | |

### 1. Culpable Conduct

It appears that the default was not the result of Gioia's culpable conduct. A movant's conduct is culpable if he or she acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." TCI Group Life Ins. Plan, 244 F.3d at 697. Merely choosing not to respond to a complaint does not render a defendant's conduct culpable. Id. This is especially true when the defaulting party is representing himself pro se. Courts have held that receiving "actual or constructive notice of the filing of the action and fail[ing] to answer" may alone be considered culpable behavior, but only if the movant is a "sophisticated part[y] represented by counsel who may be presumed to be aware of the consequences of their actions." U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d at 1093. Gioia is not represented by counsel and cannot be held to the heightened standards expected of practicing attorneys. Accordingly, Gioia's failure to respond does not, in this case, amount to culpable conduct.

Gioia avers he believed that contacting plaintiff's attorney, R. Jason Read, was a sufficient response to plaintiff's complaint.[1] Mot., at 2. Gioia alleges he spoke to Mr. Read regarding his lack of counsel and Gioia also claims he made a later appointment with Mr. Read to "go over the case and try to find a solution before the case went any further." Id. A movant's conduct may be culpable if there is there is "*no explanation* of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan, 244 F.3d at 698 (emphasis added). Gioia's failure to respond appears to be the result of his lack of familiarity with the legal system, not an intent to take advantage of plaintiff or to otherwise manipulate the legal process. As a result, the Court finds that Gioia did not act culpably.

### 2. Meritorious Defense

In addition, Gioia may have a meritorious defense in this action. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not

---

[1] In his briefing, defendant has spelled attorney Jason Read's last name as "Reed." However, additional briefing clarifies that Gioia is referencing plaintiff's attorney, R. Jason Read. See Decl. of R. Jason Read, Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07810-CAS(AJWx) | Date | February 11, 2016 |
| Title | VP FRESH PRODUCE, LLC V. FRANK R. GIOIA | | |

extraordinarily heavy." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d at 700 (citations omitted); see also Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (A defendant moving to set aside a default must show that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."). Here, in plaintiff's claim for breach of contract, it alleges that it delivered several shipments of tomatoes to defendant, but that defendant failed to pay plaintiff for these goods. In his motion to set aside a default, however, Gioia states that he sent "a few emails" to a Mr. Figueroa asking him to stop sending tomatoes. If defendant attempted to rescind the contract prior to when the tomatoes were delivered, that might form the basis of a meritorious defense against plaintiff's first cause of action for breach of contract. See also Yagman v. Galipo, 2013 WL 1287409 at *12 (C.D. Cal. Mar. 25, 2013) ("[A defendant] need only assert 'a factual or legal basis that is sufficient to raise a particular defense'; the truth of that basis is determined later.") (citations omitted).

The other three causes of action allege violations of PACA. Congress established PACA in 1930 to afford greater protection to fruit and vegetable sellers from unfair conduct by dealers, brokers, and merchants, including failure to pay invoices promptly and in full. Andrew M. Campbell, Annotation, Statutory trust under Perishable Agricultural Commodities Act, 128 A.L.R. Fed. 303 (1995). In defendant's motion, he makes a number of allegations regarding the quality of the tomatoes, defendant's inability to sell the tomatoes, verbal discussions between plaintiff and defendant, and defendant's failure to pass inspections with the USDA. It is possible that these allegations could form the basis of a meritorious defense to plaintiff's PACA claims. Accordingly, at this stage, and in light of the Ninth Circuit's instruction that pro se pleadings are to be construed liberally, the Court finds that the allegations in defendant's motions are sufficient to justify setting aside the default.

### 3. Prejudice to Plaintiff

Finally, the Court cannot discern any reason why vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.' " TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)) (alteration in original). Examples of tangible harm to a non-movant include loss of evidence or heightened discovery burdens. Id. (citing Thompson v. American Home Assurance Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-07810-CAS(AJWx) | Date | February 11, 2016 |
|---|---|---|---|
| Title | VP FRESH PRODUCE, LLC V. FRANK R. GIOIA | | |

95 F.3d 429, 433-34 (6th Cir. 1996). No such hardship exists here. Plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Nothing suggests that plaintiff's pursuit of this action will be hindered or prejudicially delayed should the Court set aside the default. Accordingly, defendant has satisfied all three of the elements required to set aside the default.

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** Gioia's motion to set aside the default.[2] Gioia shall file an Answer or responsive pleading on or before **March 14, 2016**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] In light of this order, the Court **DENIES AS MOOT** plaintiff's motion for default judgment.